**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of New Jersey**
(State)

Case number *(if known)*: _____   Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Med Couture, LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 87-4521191 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1119 Colorado Ave** | |
| Number          Street | Number          Street |
| | P.O. Box |
| **Santa Monica**      **CA**    **90401** | |
| City          State     Zip Code | City          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Los Angeles County** | |
| County | Number          Street |
| | City          State     Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https:// www.careismatic.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **Med Couture, LLC**                                                  Case number *(if known)* _____
         Name

---

**7.  Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3159**

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

---

| Debtor | **Med Couture, LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | | |
|---|---|---|
| Debtor | **See Rider 1** | Relationship  **Affiliate** |
| District | **District of New Jersey** | When  **01/22/2024** |
| Case number, if known | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                                    State        Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    **Med Couture, LLC**                                    Case number *(if known)*
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| **Request for Relief, Declaration, and Signatures** |
|---|

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **01/22/2024**
                 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                 MM/ DD / YYYY

**✗**   **/s/ Kent Percy**                                    **Kent Percy**
       ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯            ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
       Signature of authorized representative of debtor       Printed name

       Title   **Chief Restructuring Officer**
               ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**18. Signature of attorney**   **✗**   **/s/ Michael D. Sirota**              Date   **01/22/2024**
                                       ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯            ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                       Signature of attorney for debtor              MM/DD/YYYY

**Michael D. Sirota**
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Printed name

**Cole Schotz P.C.**
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Firm name

**Court Plaza North, 25 Main Street**
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Number                    Street

**Hackensack**                                    **NJ**          **07601**
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯            ⎯⎯⎯⎯⎯       ⎯⎯⎯⎯⎯⎯⎯
City                                              State        ZIP Code

**(201) 489-3000**                                **msirota@coleschotz.com**
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯            ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Contact phone                                     Email address

**014321986**                          **NJ**
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Bar number                             State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of New Jersey**
(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Careismatic Brands, LLC.

Careismatic Brands, LLC
AllHearts, LLC
Careismatic Group II Inc.
Careismatic Group Inc.
Careismatic, LLC
CBI Intermediate, Inc.
CBI Midco, Inc.
CBI Parent, L.P.
Krazy Kat Sportswear LLC
Marketplace Impact, LLC
Med Couture, LLC
Medelita, LLC
New Trojan Parent, Inc.
Pacoima Limited, LLC
Silverts Adaptive, LLC
Strategic Distribution, L.P.
Strategic General Partners, LLC
Strategic Partners Acquisition Corp.
Strategic Partners Corp.
Strategic Partners Midco, LLC
Trojan Buyer, Inc.
Trojan Holdco, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MED COUTURE, LLC, | ) | Case No. 24-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Careismatic Brands, LLC | 1119 Colorado Avenue<br>Santa Monica, CA 90401 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MED COUTURE, LLC, | ) | Case No. 24-_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Careismatic Brands, LLC | 100% |

**Fill in this information to identify the case:**

**Debtor name:** Careismatic Brands, LLC, et al.

**United States Bankruptcy Court for the:** District of New Jersey

**Case number (if known):** 24-_____

☐ Check if this is an
amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis  12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Michelman & Robinson LLP Attn: Accounts Receivable 10880 Wilshire Blvd, 19th FL Los Angeles CA 90024-4101 | Eri Burns Tel: 818-783-5530 eburns@mrllp.com | Professional Services | ☐ C ☐ U ☐ D | | | $10,094,654.89 |
| 2 | Skadden, Arps, Slate, Meagher & Flom LLP PO Box 1764 White Plains NY 10602 | Mike Benham Tel: 650-470-4964 mike.benham@skadden.com | Professional Services | ☐ C ☐ U ☐ D | | | $6,336,223.28 |
| 3 | Leopard Textiles Holding Ltd Leopard Textiles Room A, 19F Kim Chung Commercial Building Hong Kong CHINA | Zhenjiang "Steven" Wu Tel: 86-186-0161-2518 Steven@LeopardTex.com | Trade Payables | ☐ C ☐ U ☐ D | | | $2,247,451.43 |
| 4 | Ducthanh Garment Import Export Co Ltd TI - Ducthanh Import Export Co, Ltd 18 Tran Hung Dao My Thoi Ward Long Xuyen City AG VIETNAM | MongHanh ketoanducthanhag@hcm.vnn.vn | Trade Payables | ☐ C ☐ U ☐ D | | | $726,214.86 |
| 5 | Saddle Creek Corporation PO Box 530614 Atlanta GA 30353-0614 | Julie Freeze Tel: 863-668-4469 AR@sclogistics.com | Trade Payables | ☐ C ☐ U ☐ D | | | $530,250.75 |

Debtor    **Careismatic Brands, LLC, et al.**                                               Case number *(if known)* **24-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | Neelkamal Traders FZCO S-60604, Jebel Ali Freezone PO Box 262890 Dubai UNITED ARAB EMIRATES | Vittal Radhakrishnan vittal.radhakrishnan@neelkamal.com | Trade Payables | ☐ C ☐ U ☐ D | | | $269,074.35 |
| 7 | Royal Apparel EPZ Limited Unit 1 @ Capital Industrial Park Athi River Town Nairobi, Central 00606 KENYA | Sunil Bojan sunilbojan@royalapparelepz.com | Trade Payables | ☐ C ☐ U ☐ D | | | $247,931.35 |
| 8 | Comtrading Apparel DMCC Jumeirah Lakes Towers Unit 302-08 Jumeirah Bay 2, Plot JLT-PH2-X2A Dubai UNITED ARAB EMIRATES | Miss Thao Le Tel: 848-2-442-1178 Thao.Le@comtextile.com.vn | Trade Payables | ☐ C ☐ U ☐ D | | | $184,695.10 |
| 9 | Tay Son Garment Joint Stock Company Phu Xuan Ward Phu Phong Town Tay Son District, Binh Dihn VIETNAM | Miss Thao Le Tel: 84-824-21178 Thao.Le@comtextile.com.vn | Trade Payables | ☐ C ☐ U ☐ D | | | $182,655.06 |
| 10 | M.E.S. (UK) Limited KR - M.E.S. UK Limited Hallswelle House 1 Hallswelle Road London NW11 0DH UNITED KINGDOM | Aydin Ozguven aydino@sesby.com | Trade Payables | ☐ C ☐ U ☐ D | | | $146,646.78 |
| 11 | Cordial Experience, Inc 402 W Broadway Ste 700 San Diego CA 92101 | Tel: 619-578-4360 billing@cordial.com | Trade Payables | ☐ C ☐ U ☐ D | | | $109,455.00 |
| 12 | Huafang Company Ltd Huafang Company Limited by Shares No 819 Huanghe 2 Road Binzhou, Shandong CHINA | Wang Chao Tel: 86-543-3288-286 wchao2128@163.com | Trade Payables | ☐ C ☐ U ☐ D | | | $104,942.34 |
| 13 | TianJin HaoCheng Int Logistics Co, Ltd No 65 ZiJinShan Road Room 2-1302 No.2. ZiGuiYuan Hexi District, Tianjin 300061 CHINA | yxshpg@eyou.com | Trade Payables | ☐ C ☐ U ☐ D | | | $104,773.79 |

Debtor   **Careismatic Brands, LLC, et al.**                                                      Case number *(if known)* **24-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | Moody's Investors Service PO Box 102597 Atlanta GA 30368-0597 | Donna Hamrah Tel: 212-553-0590 Donna.Hamrah@moodys.com | Trade Payables | ☐ C ☐ U ☐ D | | | $96,500.00 |
| 15 | American Express Travel Related Services Co Inc PO Box 360001 Fort Lauderdale FL 33336-0001 | Shad Aldrich Tel: 510-564-4265 shad.g.aldrich@aexp.com | Trade Payables | ☐ C ☐ U ☐ D | | | $90,857.72 |
| 16 | Red Banks Consulting Inc. 1079 Cragmont Ave Berkeley CA 94708 | Casey Carr Tel: 415-613-9783 ccarr@redbanksconsulting.com | Trade Payables | ☐ C ☐ U ☐ D | | | $79,087.50 |
| 17 | Gloria Apparel Inc 500 7th Ave 8th Fl Ste 124 New York NY 10018 | Sowon Yoon Tel: 212-947-0869 sowon@gloriaapparel.com | Trade Payables | ☐ C ☐ U ☐ D | | | $74,019.85 |
| 18 | Thanh Truc Garment Imp/Exp Co, Ltd DT - Thanh Truc Garment Imp/Exp Co, Ltd No 61 A Nguyen Thi Bay Street Ward 6 Tan An, Long An VIETNAM | Tom Nguyen tomtt@hcm.vnn.vn | Trade Payables | ☐ C ☐ U ☐ D | | | $70,369.59 |
| 19 | Barco Uniforms Inc Attn: Jane Fowler 350 West Rosecrans Ave Gardena CA 90248 | Jane Fowler Tel: 310-719-2138 jane.fowler@barcouniforms.com | Trade Payables | ☐ C ☐ U ☐ D | | | $70,191.25 |
| 20 | The Sourcing Place Ltd Unit D-E, 31st Floor, Ford Glory Plaza 37-39 Wing Hong Street, Kowlong Hong Kong HONG KONG | George Zhang Tel: 852-2370-8865 george@suntexind.com | Trade Payables | ☐ C ☐ U ☐ D | | | $67,257.44 |
| 21 | Insight Direct USA, Inc 2701 E Insight Way Chandler AZ 85286 | TIM KILIAN Tel: 602-705-7933 Tim.Kilian@Insight.com | Trade Payables | ☐ C ☐ U ☐ D | | | $56,175.42 |
| 22 | Vitality Staffing Solutions, LLC PO Box 823461 Philadelphia PA 19182 | Melissa Baez Tel: 201-325-0900 mbaez@vitalitystaffing.com | Professional Services | ☐ C ☐ U ☐ D | | | $55,747.23 |

Debtor    **Careismatic Brands, LLC, et al.**                                    Case number *(if known)* **24-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | Logility Inc 470 E Paces Ferry Rd Atlanta GA 30305 | Bill Whalen Tel: 404-364-7614 bwhalen@logility.com | Trade Payables | ☐ C ☐ U ☐ D | | | $51,975.00 |
| 24 | Oracle America, Inc (Netsuite) 2300 Oracle Way Austin TX 78741 | Collections Tel: 877-638-7848 CollectionsTeam_US@Oracle.com | Trade Payables | ☐ C ☐ U ☐ D | | | $51,687.80 |
| 25 | Herbert Mines Associates Inc. 600 Lexington Ave 14th Floor New York NY 10022 | Daniel Herszaft Tel: 212-355-0909 daniel@herbertmines.com | Trade Payables | ☐ C ☐ U ☐ D | | | $46,200.00 |
| 26 | Hyosung TNC Corporation YF - Hyosung TNC Corporation 119 Mapodaero Mapo-Gu Seoul 4144 KOREA | Chris Tel: 82-2-707-7222 chris@hyosung.com | Trade Payables | ☐ C ☐ U ☐ D | | | $45,105.38 |
| 27 | Hirsch Solutions, Inc 490 Wheeler Rd, Ste 285 Hauppauge NY 11788 | Cheryl Robbins Tel: 631-457-8818 CHERYL@HSI.US | Trade Payables | ☐ C ☐ U ☐ D | | | $44,910.90 |
| 28 | Jefftex Mfg Co, Ltd. RM # 503 Samhwa B/D 999-2 Daechi-Dong Kangnam-Gu, Seoul 135502 KOREA | Q.U Kwon Tel: 82-2-501-7205 jeffkwon@jefftex.com | Trade Payables | ☐ C ☐ U ☐ D | | | $41,507.70 |
| 29 | Haiti Premier Apparel S.A. No 18 Rue Jean Gilles Route de L'Aeroport Port-au-Prince HAITI | Marie Florence Baker Tel: 509-370-10297 mfbaker@pbapparel.com | Trade Payables | ☐ C ☐ U ☐ D | | | $39,571.85 |
| 30 | Ball Up, LLC Hueston Hennigan LLP 523 West 6th St., Suite 400 Los Angeles CA 90014 | Robert Klieger Tel: 213-788-4310 rklieger@hueston.com | Litigation | ☑ C ☑ U ☑ D | | | Undetermined |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Med Couture, LLC** |
| United States Bankruptcy Court for the: | **District of New Jersey** |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement.**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | 01/22/2024 | ☒ /s/ **Kent Percy** |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Kent Percy** |
| | | Printed name |
| | | **Chief Restructuring Officer** |
| | | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS WRITTEN CONSENT OF
THE BOARD OF DIRECTORS OR MANAGERS, AS APPLICABLE, OF
EACH OF THE COMPANIES SET FORTH
ON <u>SCHEDULE 1</u> ATTACHED HERETO**

**January 21, 2024**

The undersigned, being all of the directors or managers (each, a "<u>Governing Body</u>" and collectively, the "<u>Governing Bodies</u>"), of each entity set forth on **<u>Schedule 1</u>** attached hereto (each, a "<u>Company</u>" and collectively, the "<u>Companies</u>"), in such capacity, do hereby adopt the resolutions hereinafter set forth as the action of each such Governing Body in accordance with such Company's bylaws, limited liability company agreement, or other governing documentation (the "<u>Organizational Documents</u>"), as applicable, and Delaware, California, New Jersey, or Texas law, as applicable.

**WHEREAS**, the Governing Body of each Company has duly considered certain materials presented by, or on behalf of, such Company's management ("<u>Management</u>") and financial and legal advisors (collectively, the "<u>Advisors</u>"), including, but not limited to, materials regarding each Company's liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to such Company; and the impact of the foregoing on such Company's business and operations;

**WHEREAS**, the Governing Body of each Company has reviewed and considered presentations by Management and the Advisors regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "<u>Restructuring Support Agreement</u>") and the advantages and disadvantages to each Company of the transactions contemplated thereunder;

**WHEREAS**, the Restructuring Support Agreement contemplates that each Company will, among other things, file a voluntary petition for relief (the "<u>Bankruptcy Petition</u>") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of New Jersey (the "<u>Bankruptcy Court</u>") or other court of competent jurisdiction;

**WHEREAS**, the Governing Body of each Company has reviewed and considered presentations by Management and the Advisors regarding the advantages and disadvantages of the debtor-in-possession financing facility contemplated in the Restructuring Support Agreement;

**WHEREAS**, the Governing Body of each Company has had adequate opportunity to consult with Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic and financial alternatives available to such Company; and

**WHEREAS**, the Governing Body of each Company has determined, in their business judgment, that the adoption of the following resolutions is advisable and in the best interests of each Company and its respective stakeholders and other parties in interest.

## <u>VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE</u><br><u>BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF</u>

**NOW, THEREFORE, BE IT RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of each Company, its interest holders, its creditors, and other parties in interest, that each Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition in the Bankruptcy Court, for such Company and, in accordance with the requirements of such Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions; and

**FURTHER RESOLVED**, that any director, manager, or other duly appointed officer of each Company (each, an "<u>Authorized Person,</u>" and collectively, the "<u>Authorized Persons</u>"), acting alone or with one or more other Authorized Persons be, and hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operations of each Company's business.

## <u>RETENTION OF PROFESSIONALS</u>

**RESOLVED**, that each of the Authorized Persons of each Company, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to employ the following professionals on behalf of such Company:  (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as general bankruptcy counsel; (ii) Cole Schotz P.C., as local bankruptcy counsel; (iii) AP Services, LLC, as financial advisor; (iv) PJT Partners LP, as investment banker; (v) Donlin, Recano & Company, Inc., as claims, noticing, and solicitation agent and administrative advisor; (vi) Kobre & Kim LLP, as counsel to the transaction committee of CBI Parent, L.P.; (vii) McDonald Hopkins LLC, as counsel to the transaction committee of CBI Intermediate, Inc.; and (viii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of such Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the company or common seal of such Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such professionals.

## CASH COLLATERAL, DEBTOR-IN-POSSESSION
## FINANCING, AND ADEQUATE PROTECTION

**RESOLVED**, that each Company will obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of such Company, from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders, and (b) the incurrence of debtor-in-possession financing obligations by entering into that certain senior secured superpriority delayed draw term loan debtor-in-possession credit agreement (the "DIP Credit Agreement" and such financing obligations, the "DIP Financing");

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the secured parties (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "DIP Orders") to be submitted for approval to the Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Credit Agreement be, and hereby are, in all respects approved, and each Company is authorized to enter into the DIP Credit Agreement subject to approval by the Bankruptcy Court;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of such Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause each Company's performance of its obligations under the DIP Credit Agreement and the DIP Orders, and such other agreements, certificates, instruments, fee letters, guaranties, notices, receipts, recordings, filings, petitions, motions, or any other papers or documents to which such Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Orders and the DIP Credit Agreement, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Governing Body of each Company, with such changes, additions, and modifications thereto as the Authorized Persons of each Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Persons' execution and delivery thereof;

**FURTHER RESOLVED**, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

**FURTHER RESOLVED**, that the Authorized Persons of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to effectuate the DIP Transactions, including delivery of:  (a) the DIP Documents (including, without limitation, any amendments to any DIP Documents); and (b) such other agreements, instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agent under the DIP Financing (the "DIP Agent") (clauses (a) and (b) of this paragraph, collectively, the "DIP Financing Documents");

**FURTHER RESOLVED**, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of such Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company and such other filings in respect of intellectual and other property of such Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Orders; and

**FURTHER RESOLVED**, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform such Company's obligations under or in connection with the DIP Orders or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## THE RESTRUCTURING SUPPORT AGREEMENT

**RESOLVED**, that the Governing Body of each Company has determined in its business judgment that it is desirable and in the best interests of such Company, its creditors, and other stakeholders to enter into the Restructuring Support Agreement and that such Company's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized and approved; and

**FURTHER RESOLVED**, that the Authorized Persons of each Company be, and each hereby is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the

Bankruptcy Petitions, and that such Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved.

## FURTHER ACTIONS AND PRIOR ACTIONS

**RESOLVED**, that in addition to the specific authorizations conferred upon the Authorized Persons of each Company in these resolutions, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment, shall be determined necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of these resolutions, such determination to be conclusively evidenced by such Authorized Person or Authorized Persons taking such action or execution thereof;

**FURTHER RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by these resolutions, as may be required by the organizational documents of such Company, or hereby waives any right to have received such notice; and

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by these resolutions done in the name of and on behalf of each Company, which acts would have been approved by these resolutions except that such acts were taken before the adoption of these resolutions, are by these resolutions, in all respects approved, confirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Governing Body of each Company.

The actions taken by this written consent shall have the same force and effect as if taken at a meeting of the Governing Bodies of each Company, duly called and constituted, pursuant to such Company's governing document and the laws of the state of incorporation/formation of such Company.

This written consent may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts shall together constitute one instrument.

* * * * *

5

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

**CBI PARENT, L.P.**

Thomas Clark

Steve Davis

Preston Grasty

Fredrik Henzler

Sidharth Lakhani

Eric Lehman

Michael Penner

Harvey Tepner

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

**CBI INTERMEDIATE, INC.**

Thomas Clark

Steve Davis

Preston Grasty

Fredrik Henzler

Sidharth Lakhani

Eric Lehman

Roger Meltzer

Michael Penner

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

**NEW TROJAN PARENT, INC.**

DocuSigned by:

*Thomas Clark*

7780C93F02AD46F...    Thomas Clark

DocuSigned by:

*Preston Grasty*

B7735D4265C54E...    Preston Grasty

DocuSigned by:

27C0DB5CA66C4F7...    Fredrik Henzler

DocuSigned by:

73AB067EF8D6433...    Sidharth Lakhani

IN WITNESS WHEREOF, the undersigned, constituting the authorized signatories of each of the below entities, do hereby consent to the foregoing resolutions as of the date first above written.

**TROJAN HOLDCO, INC.**
**TROJAN BUYER, INC.**
**STRATEGIC PARTNERS ACQUISITION CORP.**
**STRATEGIC PARTNERS CORP.**
**CBI MIDCO, INC.**
**CAREISMATIC GROUP INC.**
**CAREISMATIC GROUP II INC.**

DocuSigned by:

*Thomas Clark*

7780C93F02AD46F...

Thomas Clark

DocuSigned by:

27C0DB5CA66C4F7...

Fredrik Henzler

DocuSigned by:

73AB067EF8D6433...

Sidharth Lakhani

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

**CAREISMATIC BRANDS, LLC**
**KRAZY KAT SPORTSWEAR LLC**

By:    Careismatic Group II Inc.
Its:    Sole Member

DocuSigned by:

_Thomas Clark_
7780C93F02AD46F...
_____
Thomas Clark

DocuSigned by:

27C0DB5CA66C4F7
_____
Fredrik Henzler

DocuSigned by:

73AB067EF8D6433.
_____
Sidharth Lakhani

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

**STRATEGIC PARTNERS MIDCO, LLC**

By:    Strategic Partners Corp.
Its:    Sole Member

Thomas Clark

Fredrik Henzler

Sidharth Lakhani

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

**ALLHEARTS, LLC**
**CAREISMATIC, LLC**
**MARKETPLACE IMPACT, LLC**
**MEDELITA, LLC**
**PACOIMA LIMITED, LLC**
**SILVERTS ADAPTIVE, LLC**
**STRATEGIC GENERAL PARTNERS, LLC**
**MED COUTURE, LLC**

By:    Careismatic Brands, LLC
Its:    Sole Member

_____
Sean Bogue
Chief Financial Officer

_____
Sidharth Lakhani
Chief Executive Officer

     IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

**STRATEGIC DISTRIBUTION, L.P.**

By:    Strategic General Partners, LLC
Its:    Sole Member

_____
Sean Bogue
Chief Financial Officer

_____
Sidharth Lakhani
Chief Executive Officer

## Schedule 1

| No. | Name of the Company | Jurisdiction |
|---|---|---|
| 1 | AllHearts, LLC | Delaware |
| 2 | Careismatic Brands, LLC | California |
| 3 | Careismatic Group Inc. | Delaware |
| 4 | Careismatic Group II Inc. | Delaware |
| 5 | Careismatic, LLC | California |
| 6 | CBI Intermediate, Inc. | Delaware |
| 7 | CBI Midco, Inc. | Delaware |
| 8 | CBI Parent, L.P. | Delaware |
| 9 | Krazy Kat Sportswear LLC | New Jersey |
| 10 | Marketplace Impact, LLC | Delaware |
| 11 | Med Couture, LLC | Texas |
| 12 | Medelita, LLC | California |
| 13 | New Trojan Parent, Inc. | Delaware |
| 14 | Pacoima Limited, LLC | California |
| 15 | Silverts Adaptive, LLC | California |
| 16 | Strategic Distribution, L.P. | Texas |
| 17 | Strategic General Partners, LLC | California |
| 18 | Strategic Partners Acquisition Corp. | Delaware |
| 19 | Strategic Partners Corp. | Delaware |
| 20 | Strategic Partners Midco, LLC | Delaware |
| 21 | Trojan Buyer, Inc. | Delaware |
| 22 | Trojan Holdco, Inc. | Delaware |